IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

High 5 Sportswear, Inc.,

    Plaintiff,

v.                                           Case No. 3:15-cv-00401

High 5 Gear, Inc.,                       Judge Thomas M. Rose

    Defendant.

## DEFENDANT H5G, LLC'S MOTION FOR
## SUBSTITUTION OF TRIAL ATTORNEY

    Defendant H5G, LLC ("H5G") (incorrectly identified in the caption as "High 5 Gear, Inc."), by its attorneys, hereby moves the Court to allow substitution of its Trial Attorney pursuant to S.D. Ohio Civ. R. 83.4 (a) and (c)(2).

    Defendant asserts that good cause as defined by the Rules of Professional Conduct exists to permit the withdrawal/substitution of the trial attorney in this case, and an affidavit is enclosed herewith that supports this assertion of good cause.

Dated this 4th day of February, 2016.

Respectfully submitted,

NORCHI FORBES LLC

/s/ Kevin M. Norchi
_____
Kevin M. Norchi (0034659)
Commerce Park IV
23240 Chagrin Boulevard, Suite 210
Cleveland, Ohio 44122
Telephone: (216) 514-9500
Facsimile: (216) 514-4304
Email: kmn@norchilaw.com
*Withdrawing Trial Attorney for Defendant*

RYAN KROMHOLZ & MANION, S.C.

/s/ Joseph A. Kromholz
_____
Joseph A. Kromholz (WI Bar No. 1002464)
PO Box 26618
Milwaukee, Wisconsin 53226
Telephone: (262) 783-1300
Facsimile: (262) 783-1211
Email: jkromholz@rkmiplaw.com
*Substituting Trial Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

High 5 Sportswear, Inc.,

 Plaintiff,

v.                    Case No. 3:15-cv-00401

High 5 Gear, Inc.,             Judge Thomas M. Rose

 Defendant.

**DEFENDANT H5G, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUBSTITUTION OF TRIAL ATTORNEY**

Defendant H5G, LLC ("H5G" or "Defendant") (incorrectly identified in the caption as "High 5 Gear, Inc."), by its attorneys, hereby moves the Court to allow substitution of its Trial Attorney pursuant to S.D. Ohio Civ. R. 83.4 (a) and (c)(2), and submits its Memorandum in Support of this Motion as follows:

## I. INTRODUCTION

Defendant H5G, LLC respectfully requests the Court to substitute the trial attorney in this case for good cause. This action was filed in the United States District Court for the Southern District of Ohio. The Defendant in this action, a Wisconsin limited liability company, has retained Attorney Joseph A. Kromholz, who is admitted in the State of Wisconsin, to represent it. Attorney Kevin M. Norchi, the present trial attorney in this action, was retained by the Defendant to act as local counsel in Ohio. This is a trademark infringement action for which effective representation of the Defendant requires a knowledge of intellectual

property law, which Attorney Kromholz possesses. Accordingly, there is good cause for substitution of the trial attorney in this case.

## II. FACTUAL BACKGROUND

Defendant, H5G, LLC is Wisconsin limited liability company with a principal place of business at 401 West Main Street, Waukesha, Wisconsin 53186. Dkt. 9-1, ¶ 3. On November 6, 2015, High Five filed the instant Complaint against H5G in the United States District Court for the Southern District of Ohio alleging claims for: (1) federal trademark infringement, (2) common law trademark infringement, (3) false designation of origin, (4) cybersquatting, and (5) deceptive trade practices under Ohio law. Dkt. 1.

Attorney Kromholz is admitted to practice in the State of Wisconsin, is in good standing with the Wisconsin Supreme Court, and is not permanently admitted to practice in the State of Ohio. Affidavit of Joseph A. Kromholz, ¶ 4 (attached hereto as Exhibit A ("Kromholz Affidavit")). Attorney Kromholz consulted with Attorney Kevin Norchi, of Norchi Forbes LLC, to act as local counsel in Ohio. Kromholz Affidavit, ¶ 5. H5G retained Attorney Norchi in the capacity as local counsel in Ohio. Kromholz Affidavit, ¶ 6.

Attorney Kromholz was admitted *pro hac vice* by this Court on 27 January 2016, to represent H5G in the present action. Kromholz Affidavit, ¶ 7. Attorney Kromholz specializes in the practice of intellectual property law, thus he possesses the requisite level of knowledge and skill in the area of trademark infringement

4

which will best represent the interests of H5G in the present action. Kromholz Affidavit, ¶ 9.

III. DISCUSSION

    A. This Court should exercise its discretion to substitute the trial attorney in this case

Pursuant to L.R. 83.4(a), this Court may exercise its discretion to substitute a trial attorney with an attorney who has appeared *pro hac vice*, upon a motion showing good cause. L.R. 83.4(c)(2) requires that such a motion must (1) be served upon the client, and the certificate of service must so state; (2) assert that good cause, as defined by the Rules of Professional Conduct, exists to permit the withdrawal; and (3) be accompanied by an affidavit or other evidence supporting the assertion of good cause.

Defendant H5G's Motion for Substitution of Trial Attorney has been served on the client, and the certificate of service, filed herewith, so states. The Defendant asserts that good cause, as it is defined by the Rules of Professional Conduct, exists to permit the substitution. Ohio Rule of Professional Conduct 1.1 directs that "[a] lawyer shall provide competent representation to a client" and that such competence requires the "legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation." Comment [7] of Rule 1.1 specifies that when lawyers from different firms collaborate on a single matter, they must consult with each other and the client about "the scope of their respective representations and the allocation of responsibility between or among them." Attorneys Kromholz and Norchi have consulted with each other and the client regarding the scope of

5

their respective representations, and have determined that the proper allocation of responsibility which will render competent representation of H5G requires that Attorney Norchi represent H5G as Ohio local counsel, and Attorney Kromholz represent H5G as its trial attorney, as Attorney Kromholz possesses the requisite knowledge and skill in the area of intellectual property law. Kromholz Affidavit, ¶¶ 5-6, 9. Therefore, the substitution of the trial attorney in this case may be made upon good cause—to provide competent representation of the Defendant in the present action.

## IV. CONCLUSION

WHEREFORE, for the reasons set forth above, Defendant respectfully requests that the Court GRANT Defendant's Motion for Substitution of Trial Attorney.

Dated this 4th day of February, 2016.

Respectfully submitted,

NORCHI FORBES LLC


/s/ Kevin M. Norchi

---
Kevin M. Norchi (0034659)
Commerce Park IV
23240 Chagrin Boulevard, Suite 210
Cleveland, Ohio 44122
Telephone: (216) 514-9500
Facsimile: (216) 514-4304
Email: kmn@norchilaw.com
*Withdrawing Trial Attorney for Defendant*

RYAN KROMHOLZ & MANION, S.C.


/s/ Joseph A. Kromholz

---
Joseph A. Kromholz (WI Bar No. 1002464)
PO Box 26618
Milwaukee, Wisconsin 53226
Telephone: (262) 783-1300
Facsimile: (262) 783-1211
Email: jkromholz@rkmiplaw.com
*Substituting Trial Attorney for Defendant*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2016, the foregoing Defendant H5G, LLC's Motion for Substitution of Trial Attorney, was filed via the Court's electronic filing system (CM/ECF), which will send electronic notification of such filing to all parties represented by attorneys who are registered CM/ECF users.

Courtesy copies of Defendant's Motion for Substitution of Trial Attorney have also been sent to:

Counsel for Plaintiff, via electronic mail only:

> Richard M. Klein, Esq.
> Fay Sharpe LLP
> The Halle Building, 5th Floor
> 1228 Euclid Avenue
> Cleveland, Ohio 44115
> rklein@faysharpe.com

and

Defendant/Client, pursuant to S.D. Ohio Civ. R. 83.4(c)(2), via regular U.S. mail, postage prepaid, at the following address:

> Todd Molbeck
> H5G, LLC
> 1040 Cottonwood Avenue, Suite 300
> Hartland, WI 53029

/s/ *Kevin M. Norchi*

Kevin M. Norchi