UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| HIGH 5 SPORTSWEAR, INC., | Case No. 3:15-cv-401 |
| Plaintiff, | Judge Thomas M. Rose |
| v. | |
| HIGH 5 GEAR, INC., | |
| Defendant. | |

_____

**ENTRY AND ORDER GRANTING DEFENDANT'S MOTION FOR SUBSTITUTION OF TRIAL ATTORNEY (DOC. 13); GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT (DOC. 14); GRANTING MOTION TO AMEND THIRD-PARTY COMPLAINT (DOC. 17); GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO MOTION TO DISMISS (DOC. 15); AND SETTING BRIEFING SCHEDULE ON PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY (DOC. 16)**

_____

This case is before the Court on the Motion for Substitution of Trial Attorney (Doc. 13), Motion for Leave to File Third Party Complaint (Doc. 14), and Motion to Amend Third-Party Complaint (Doc. 17) filed by Defendant H5G, LLC ("Defendant"); and the Motion to Extend Time to Respond to Motion to Dismiss (Doc. 15) and Motion for Leave to Conduct Limited Jurisdictional Discovery (Doc. 16) filed by Plaintiff High 5 Sportswear, Inc. ("Plaintiff").  The Court addresses each of these motions in turn below.

**I. DEFENDANT'S MOTION FOR SUBSTITUTION OF TRIAL ATTORNEY**

Defendant moves to substitute its trial attorney under S.D. Ohio Civ. R. 83.4(a) and (c)(2). (Doc. 13.)  Defendant's current trial attorney is Kevin M. Norchi of Norchi Forbes LLC in Cleveland, Ohio.  Mr. Norchi is a permanent member in good standing of the bar of this Court, which is one of the requirements to serve as a trial attorney in this District.  S.D. Ohio Civ. R.

83.4(a). Defendant has determined that its interests would be most effectively represented, however, if Mr. Norchi were to serve as its Ohio local counsel and Joseph Kromholz of Ryan Kromholz & Manion, S.C. in Milwaukee, Wisconsin were to serve as its trial attorney. (Doc. 13 at 6.) Mr. Kromholz is not a permanent member of the bar of this Court, but was admitted *pro hac vice* to represent Defendant in this case. Defendant believes that Mr. Kromholz should serve as its trial attorney due to his expertise in the area of intellectual property law. (*Id.*) Under S.D. Ohio Civ. R. 83.4(a), the Court may, in its discretion and upon motion showing good cause, permit an attorney admitted *pro hac vice* to act as a trial attorney.

As Defendant has shown good cause for the substitution of Mr. Kromholz for Mr. Norchi as its designated trial attorney, the Court **GRANTS** the Motion for Substitution of Trial Attorney (Doc. 13.). However, the Court does so on the condition that Defendant continues to be represented in this case by either Mr. Norchi or another permanent member of the bar of this Court, in addition to Mr. Kromholz.

**II. DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT AND MOTION TO AMEND THIRD-PARTY COMPLAINT**

Defendant moves for leave to file a Third-Party Complaint naming Selective Insurance Group, Inc. as a third-party defendant. (Doc. 14.) Under Federal Rule of Civil Procedure 14(a)(1):

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Defendant filed its proposed Third-Party Complaint (Doc. 14-1) on February 5, 2016, within 14 days of when it filed its Answer (Doc. 8) on January 22, 2016. In the Third-Party Complaint, Defendant alleges that Selective Insurance Group, Inc. is liable for "all or part of the claim" against

2

it.  Fed. R. Civ. P. 14(a)(1).  Thus, Defendant did not need to seek leave of Court to file the Third-Party Complaint under Rule 14(a)(1).

On February 24, 2016, Defendant filed a Motion to Amend Third-Party Complaint (Doc. 17), which requests leave to substitute Selective Insurance Company of America for Selective Insurance Group, Inc., as the third-party defendant.  Defendant explains that substitution is appropriate because Selective Insurance Company of America has been identified as the true party in interest in the insurance coverage dispute alleged in the Third-Party Complaint.  (Doc. 17 at 1.) In addition, Selective Insurance Group, Inc., has consented to the substitution requested in the Motion to Amend Third-Party Complaint.  (*Id.*)

Under Federal Rule of Civil Procedure 15(a)(1)(A), a party may amend a complaint once "as a matter of course" within 21 days after service.  Defendant has not served the Third-Party Complaint.  As a result, the 21-day time period for Defendant to amend the Third-Party Complaint once as a matter of course has not begun to run.  Defendant's request to amend the Third-Party Complaint to name the proper third-party defendant is also consistent with the goal of securing a just, speedy and inexpensive determination of every action.  Fed. R. Civ. P. 1.

Defendant's Motion for Leave to File Third-Party Complaint (Doc. 14) and Motion to Amend Third-Party Complaint (Doc. 17) are **GRANTED**.  Defendant is **ORDERED** to file the First Amended Third-Party Complaint (Doc. 17-1) and its exhibits in the Court's docket by no later than March 1, 2016.

### III. PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO MOTION TO DISMISS AND MOTION FOR LEAVE TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY

On February 12, 2016, Plaintiff filed a Motion to Extend Time to Respond to Motion to Dismiss (Doc. 15) and a Motion for Leave to Conduct Limited Jurisdictional Discovery (Doc. 16).

Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the Alternative, to Transfer Venue (Doc. 9) is the "Motion to Dismiss" that Plaintiff refers to in its motion to extend time to respond.  Plaintiff's deadline to respond to the Motion to Dismiss was February 12, 2016.

Plaintiff asks that the Court grant the Motion for Leave to Conduct Limited Jurisdictional Discovery, provide Defendant 30 days to respond to Plaintiff's discovery requests, and provide Plaintiff 30 days to review the discovery produced by Defendant and prepare its response to the Motion to Dismiss.  (Doc. 15.)  The Motion for Leave to Conduct Limited Jurisdictional Discovery has not been fully briefed, however, and therefore the Court is not in a position to rule on that motion or set a briefing schedule on the Motion to Dismiss.

In light of the outstanding motions and to avoid undue delay, the Court will grant an extension of Plaintiff's deadline to respond to the Motion to Dismiss to accommodate an accelerated briefing schedule on the Motion for Leave to Conduct Limited Jurisdictional Discovery.  Accordingly, Plaintiff's deadline to respond to the Motion to Dismiss is **STAYED** pending the Court's decision on the Motion for Leave to Conduct Limited Jurisdictional Discovery.  Defendant shall file its response to the Motion for Leave to Conduct Limited Jurisdictional Discovery by no later than March 1, 2016.  Plaintiff shall file its reply to Defendant's response within 7 days of service, but no later than March 8, 2016.  The Court will set a deadline for Plaintiff's response to the Motion to Dismiss in its decision on the Motion for Leave to Conduct Limited Jurisdictional Discovery.

## IV.    CONCLUSION

For the reasons stated above, the Court rules as follows:

- The Motion for Substitution of Trial Attorney (Doc. 13) is **GRANTED** on the

condition that Defendant continues to be represented in this case by either Mr. Norchi or another permanent member of the bar of this Court, in addition to Mr. Kromholz;

- The Motion for Leave to File Third-Party Complaint (Doc. 14) and Motion to Amend Third-Party Complaint (Doc. 17) are **GRANTED**; Defendant is **ORDERED** to file the First Amended Third-Party Complaint (Doc. 17-1) and its exhibits in the Court's docket by no later than March 1, 2016;

- The Motion to Extend Time to Respond to Motion to Dismiss (Doc. 15) is **GRANTED**; Plaintiff's deadline to respond to the Motion to Dismiss (Doc. 9) is **STAYED** pending the Court's decision on the Motion for Leave to Conduct Limited Jurisdictional Discovery (Doc. 16); and

- The briefing schedule on Plaintiff's Motion for Leave to Conduct Limited Jurisdictional Discovery is **MODIFIED** as follows:
    - Defendant shall file its response to the Motion for Leave to Conduct Limited Jurisdictional Discovery by no later than March 1, 2016;
    - Plaintiff shall file its reply to Defendant's response within 7 days of service, but no later than March 8, 2016.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, February 25, 2016.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

5