UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **HIGH 5 SPORTSWEAR, INC.,** | : | Case No. 3:15-cv-401 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| **H5G, LLC,** | : | |
| Defendant. | : | |

_____

**ENTRY AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY (DOC. 16) AND SETTING DEADLINE FOR PLAINTIFF TO RESPOND TO DEFENDANT'S PENDING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER VENUE (DOC. 9)**
_____

This case is before the Court on the Motion for Leave to Conduct Limited Jurisdictional Discovery (the "Motion for Jurisdictional Discovery") (Doc. 16) filed by Plaintiff High 5 Sportswear, Inc. ("Plaintiff"). For the reasons stated below, the Motion for Jurisdictional Discovery is **GRANTED**.

**I.      BACKGROUND**

On November 6, 2015, Plaintiff filed this action against Defendant H5G, LLC ("Defendant") for "trademark infringement, deceptive trade practices, and unfair competition in connection with the designing, manufacturing, marketing, selling and/or distributing of sportswear, sporting goods, and sports equipment." (Doc. 1 at 1.) On January 22, 2016, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the Alternative, to Transfer Venue. (Doc. 9.) In response, Plaintiff filed a Motion to Extend

Time to Respond to Motion to Dismiss ("Motion to Extend Time") (Doc. 15) and the Motion for Jurisdictional Discovery (Doc. 16), which is currently before the Court.

On February 25, 2016, the Court granted the Motion to Extend Time (Doc. 15) and set a briefing schedule on the Motion for Jurisdictional Discovery (Doc. 16), which is now fully briefed and ripe for the Court's review.

**II.     ANALYSIS**

When considering a motion to dismiss for lack of personal jurisdiction, the court can decide the motion on the basis of affidavits alone, permit discovery to aid it in deciding the motion, or conduct an evidentiary hearing. *See International Techs. Consult., Inc. v. Euroglas,* 107 F.3d 386 (6th Cir.1997) (plaintiff ordered to respond to motion challenging personal jurisdiction after completion of discovery on jurisdictional issues; no evidentiary hearing held); *Serras v. First Tennessee Bank Nat'l Ass'n,* 875 F.2d 1212, 1214 (6th Cir.1989) (court may "order discovery of a scope broad enough to prepare the parties for [the evidentiary] hearing"). "The court has discretion to select which method to follow, and will only be reversed for abuse of that discretion." *MacDonald v. Navistar Int'l Transp. Corp.*, 143 F. Supp. 2d 918, 922-23 (S.D. Ohio 2001) (citing *Michigan Nat'l Bank v. Quality Dinette, Inc.,* 888 F.2d 462, 466 (6th Cir.1989); *Serras,* 875 F.2d at 1214).

The parties agree on the standard that applies to the determination of whether personal jurisdiction over Defendant exists in this case. Specifically, this Court has personal jurisdiction over Defendant if (1) Ohio's long-arm statute, Ohio Rev. Code § 2307.382, permits jurisdiction, and (2) the exercise of personal jurisdiction would not deny Defendant due process under the Fourteenth Amendment. *Indus Trade & Tech., LLC v. Stone Mart Corp.*, No. 2:11-CV-637, 2011 WL 6256937, at *2 (S.D. Ohio Dec. 14, 2011). The parties disagree over whether this standard

has been met.

Defendant attached an affidavit to his Motion to Dismiss that provides some, but not all, of the information that the Court requires to determine whether personal jurisdiction exists. (Doc. 9-1.) The affidavit states, for example, that H5G has never owned or leased real or personal property in the State of Ohio, has never owed or been required to pay taxes in the State of Ohio, has never maintained an office in the State of Ohio, and has never conducted print, radio, television, or any other advertising that was directed to Ohio residents. (*Id.* at ¶¶ 16-18, 21.) The affidavit further states that "[a]ny purchases originating from within the State of Ohio or by residents of Ohio are unintended and accidental" and that "[o]f all of HG5's total sales and revenue, only a small amount has originated within the State of Ohio." (*Id.* at ¶¶ 13-14.)

Defendant's affidavit does not provide specific figures for its sales in Ohio, such as the number of purchases originating from Ohio and the amount of sales revenue from Ohio, either as a raw number or as a percentage of its total sales revenue. The affidavit also does not provide necessary information regarding the functioning of its website. Defendant asserts that its website is passive and that "[o]peration of a website can constitute purposeful availment only if the website is interactive 'to a degree that reveals specifically intended interaction' with residents of the forum state." (Doc. 9 at 13-14 (quoting *Bird v Parsons*, 289 F.3d 865, 874 (6th Cir. 2002).) Yet, Defendant's website appears to be set up to process orders from Ohio residents. Attached to Plaintiff's reply memorandum are screenshots of Defendant's website. (Doc. 16-1.) The screenshots, which show the pages a customer would see when purchasing products, have drop-down menus permitting customers to select Ohio as both their billing and shipping addresses. (*Id.*)

In sum, the Court does not have sufficient information to determine if personal jurisdiction

over Defendant exists, and therefore limited jurisdictional discovery is appropriate. Plaintiff submitted its proposed discovery as exhibits to its motion. (Docs. 16-2 (interrogatories), 16-3 (document requests), and 16-4 (notice of deposition pursuant to Fed. R .Civ. P. 30(b)(6)).) Defendant objects to the proposed discovery as overly broad and unduly burdensome and because it seeks "confidential and proprietary information about H5G, its sales, and its customer lists." (Doc. 20 at 5.) To address the latter concern, Defendant proposes submitting the requested discovery documents to the Court for its *in camera* review. Plaintiff disagrees with Defendant's objections and submitted a proposed protective order addressing the production and use of confidential and proprietary information in this litigation.

Upon review, the interrogatories are narrowly tailored to the jurisdictional issue before the Court. (Doc. 16-2.) The document requests, however, are broader than required. The Court will grant Plaintiff leave to serve only its Requests for Production Nos. 17, 18, 19, 20 and 22. (Doc. 16-3.) Plaintiff will also be permitted to conduct the Rule 30(b)(6) deposition on the topics described in its proposed Notice of Deposition. (Doc. 16-4.)

The requested discovery materials shall be produced to Plaintiff, not to the Court for *in camera* review. The protection of any confidential and proprietary information is best addressed by a stipulated protective order. The Court does not express any opinion on whether or not Plaintiff's proposed protective order is sufficient to meet the parties' needs in this case. Under any stipulated protective order submitted for approval, however, no document may be filed under seal without the Court's prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996).

### III. CONCLUSION

The Motion for Leave to Conduct Limited Jurisdictional Discovery (Doc. 16) is **GRANTED**. Plaintiff is granted leave to serve its proposed Interrogatories (Doc. 16-2), Requests for Production Nos. 17, 18, 19, 20 and 22 (Doc. 16-3), and conduct a Rule 30(b)(6) deposition pursuant to its Notice of Deposition (Doc. 16-4). The deadline for Plaintiff to respond to Defendant's pending Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the Alternative, to Transfer Venue (Doc. 9) is June 10, 2016.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, April 11, 2016.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE