# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| HIGH 5 SPORTSWEAR, INC., | : | Case No. 3:15-cv-00401 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| HIGH 5 GEAR, INC., | : | |
| Defendant/Third-Party Plaintiff, | : | |
| v. | : | |
| SELECTIVE INSURANCE COMPANY OF AMERICA, | : | |
| | : | |
| Third-Party Defendant. | | |
| | : | |

---

**ENTRY AND ORDER DENYING SELECTIVE INSURANCE COMPANY OF AMERICA'S MOTION FOR A LIMITED STAY OF HIGH 5 SPORTSWEAR, INC.'S LIABILITY AND DAMAGES CLAIMS AGAINST H5G, LLC (DOC. 23)**

---

This case is before the Court on Third-Party Defendant/Counterclaimant Selective Insurance Company of America's Motion to Stay Plaintiff High 5 Sportswear, Inc.'s liability and damages claims against H5G, LLC (incorrectly sued as High 5 Gear, Inc.) ("Motion to Stay"). (Doc. 23.) Plaintiff High 5 Sportswear, Inc. opposed the Motion to Strike (Doc. 27), in response to which Selective Insurance replied (Doc. 29). The Motion to Stay is therefore fully briefed and ripe for review. For the reasons discussed below, the Court **DENIES** the Motion to Stay.[1]

---

[1] The Court acknowledges the valuable contribution and assistance of judicial extern Marcus Heath in drafting this opinion.

**I.     BACKGROUND**

Selective Insurance Company of America ("Selective Insurance") issued H5G, LLC ("H5G") a commercial insurance policy effective from June 4, 2015, through June 4, 2016 (the "Selective Policy"). The Selective Policy lists H5G's address as 1040 Cottonwood Avenue, Suite 300, Hartland, Wisconsin, and its office as 401 W. Main in Waukesha, Wisconsin. The Selective Policy was procured through a Wisconsin insurance producer. The policy affords coverage for personal and advertising injury, including specifically enumerated offenses. Coverage for "personal and advertising injury" is also subject to certain exclusions, however, such as the "Material Published Prior to Policy" exclusion, "Infringement Of Copyright, Patent, Trademark Or Trade Secret" exclusion, "Knowing Violation Of Rights Of Another" exclusion, and "Unauthorized Use Of Another's Name Or Produce" exclusion.

On November 6, 2015, Plaintiff High 5 Sportswear, Inc. ("High Five") filed the instant lawsuit against H5G. High Five alleges that H5G engaged in "trademark infringement, deceptive trade practices, and unfair competition in connection with the designing, manufacturing, marketing, selling and/or distributing of sportswear, sporting goods, and sports equipment." (Doc. 1 at 1.) On November 18, 2015, H5G requested a defense and indemnification for High Five's lawsuit under the Selective Policy. Upon receipt of H5G's tender, Selective Insurance immediately conducted its investigation as to whether the claims asserted against H5G triggered its duty to defend. Based on a comparison of the Complaint with the terms, conditions, exclusions, definitions, and endorsements within the Selective Policy, Selective Insurance concluded that it does not have a duty to defend or indemnify H5G.

On December 28, 2015, Selective Insurance advised H5G that it was disputing that the Selective Policy provided coverage of High Five's lawsuit. In the same correspondence,

Selective Insurance advised H5G that it intended to intervene in the lawsuit or institute a separate declaratory judgment action to seek an adjudication regarding the coverage dispute.

## II.     MOTION FOR A LIMITED STAY

Selective Insurance seeks a limited stay of the underlying liability and damages claims until the Court rules on whether Selective Insurance has a duty to defend H5G.  Selective Insurance acknowledges that Wisconsin law governs interpretation of the Selective Policy and determination of whether it has a duty to defend.  Under Wisconsin law, when an insurer disputes its duty to defend, it should intervene in the underlying lawsuit and request a stay of that proceeding so that the coverage issues can be adjudicated prior to any liability or damages issues. *Newhouse v. Citizens Security Mut. Ins. Co.*, 501 N.W.2d 1 (Wis. 1993); *Fire Ins. Exchange v. Basten*, 549 N.W.2d 690, 696 (Wis. 1996); *Radke v. Fireman's Fund Ins. Co.*, 577 N.W.2d 366, 369 (Wis. Ct. App. 1998).  Selective Insurance urges the Court to follow Wisconsin law and stay the underlying claims between High Five and H5G.

High Five argues that a stay is unnecessary, would cause it hardship and prejudice, and would not promote the most economical use of the Court's time and resources.  (Doc. 27.)  The stay would prejudice High Five because it would permit H5G to continue infringing its federal trademark rights for an indefinite period. High Five further contends that Wisconsin law cannot bind this federal Court.

## III.    ANALYSIS

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *Ohio Invtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.,* 565 F.2d

3

393, 396 (6th Cir. 1977) (citation and internal quotation marks omitted).  The party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. North American Company*, 299 U.S. 248, 255 (1936).  Thus, the burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order.  *Ohio Environmental Council v. United States Dist. Court, S. Dist., etc.,* 565 F.2d 393, 396 (6th Cir. 1997).  "Furthermore, even if the reasons for the stay are proper, the stay itself 'is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description.'"  *Landis*, 299 U.S. at 257.  Although there are no standard criteria for determining whether a stay is appropriate, "district courts often consider the following factors: the need for a stay, the balance of judicial hardship to the parties and the public, and the promotion of judicial economy."  *Ferrell v. Wyeth-Ayerst Laboratories, Inc.,* 2005 WL 2709623, *1 (S.D. Ohio 2005) (citing *In Re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998)).

Selective Insurance refers to the procedure followed by litigants in Wisconsin courts when confronted with an insurance coverage dispute.  Wisconsin law is not binding on this Court, however, and even federal courts in Wisconsin usually do not follow Wisconsin practice in granting insurers' motions to stay.  *David & Goliath Builders, Inc. v. Kramer*, 2010 WL 145849, at *2 (E.D. Wis. Jan. 8. 2010).

Here, Selective Insurance argues that this Court should grant the requested stay for two reasons.  First, Selective Insurance argues that High Five will not be prejudiced by the stay.  Second, Selective Insurance asserts that it requires only a limited stay and, in the near future, will

4

be prepared to file a motion for summary judgment directed to the issue of its duty to defend under Wisconsin law.

The Court denies the requested stay because it is not persuaded that High Five's claims and Selective Insurance's claims cannot proceed simultaneously. If focused discovery and an early summary judgment motion can quickly settle the coverage dispute between Selective Insurance and H5G, then Selective Insurance should pursue that course while High Five and H5G pursue discovery relevant to High Five's claims. *See Appleton Papers, Inc. v. George A. Whiting Paper Co.,* No. 08-CV-16, 2009 U.S. Dist. LEXIS 4344, at *13-14 (E.D. Wis. Jan. 8, 2009). The prejudice to High Five if the stay were granted therefore cannot be justified. *David & Goliath*, 2010 U.S. Dist. LEXIS 1612, at *7, (citing *N.B. v. Wausau Sch. Dist. Bd. of Educ.*, 567 F. Supp. 2d 1055, 1056 (W.D. Wis. 2007) ("This court is 'not in the habit' of staying a case indefinitely while one insurance company seeks a ruling on an issue that is 'tangential' to the case, as doing so would be 'unfair for [the] plaintiff' and would 'create an unacceptable delay for the court."). The Court **DENIES** the Motion to Stay.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Selective Insurance's Motion to Stay (Doc. 26).

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, August 3, 2016.

s/Thomas M. Rose

———————————————
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

5