UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| HIGH 5 SPORTSWEAR, INC., | : | Case No. 3:15-cv-00401 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| HIGH 5 GEAR, INC., | : | |
| Defendant/Third-Party Plaintiff, | : | |
| v. | : | |
| SELECTIVE INSURANCE COMPANY OF AMERICA, | : | |
| | : | |
| Third-Party Defendant. | : | |

___

**ENTRY AND ORDER DENYING DEFENDANT/THIRD-PARTY PLAINTIFF H5G, LLC'S MOTION TO STRIKE THIRD-PARTY DEFENDANT, SELECTIVE INSURANCE COMPANY OF AMERICA'S AFFIRMATIVE DEFENSES (DOC. 26)**
___

Pending before the Court is the Motion to Strike Third-Party Defendant, Selective Insurance Company of America's Affirmative Defenses ("Motion to Strike") (Doc. 26) filed by Defendant/Third-Party Plaintiff H5G, LLC ("H5G") (incorrectly sued as High 5 Gear, Inc.). The Motion to Strike is fully briefed and ripe for review. For the reasons discussed below, the Court **DENIES** the motion.[1]

**I.    BACKGROUND**

On November 6, 2015, Plaintiff High Five Sportswear, Inc. ("High Five") filed the instant lawsuit against H5G.  (Doc. 1.)  High Five alleges that H5G engaged in "trademark

___
[1] The Court acknowledges the valuable contribution and assistance of judicial extern Marcus Heath in drafting this opinion.

infringement, deceptive trade practices, and unfair competition in connection with the designing, manufacturing, marketing, selling and/or distributing of sportswear, sporting goods, and sports equipment." (*Id.* at 1.) On February 26, 2016, H5G filed an Amended Third-Party Complaint against Selective Insurance Company of America ("Selective Insurance") seeking declaratory judgment of Selective Insurance's duty to defend and indemnify H5G against High Five's claims and asserting claims for breach of contract and bad faith arising out of Selective Insurance's alleged failure to perform its obligations under its policy. (Doc. 19.) Selective Insurance responded to the Third-Party Complaint with a combined Answer, Affirmative Defenses, and Counterclaim. (Doc. 22).

On April 4, 2016, H5G filed the Motion to Strike, which is now before the Court, seeking to strike eighteen of the twenty affirmative defenses asserted in Selective Insurance's Answer to H5G's Amended Third-Party Complaint. (Doc. 26.) The eighteen affirmative defenses at issue are as follows:

> FIRST AFFIRMATIVE DEFENSE
> The claims asserted in the First Amended Third-Party Complaint are barred by the doctrines of estoppel, judicial estoppel, waiver and unclean hands
>
> SECOND AFFIRMATIVE DEFENSE
> The claims asserted in the First Amended Third-Party Complaint are barred by the applicable statute of limitations.
>
> FOURTH AFFIRMATIVE DEFENSE
> High 5 Gear's claims are subject to the terms, provisions, exclusions, conditions, limitations and definitions of the Commercial Insurance Policy (Exhibit A hereto), which terms, provisions, exclusions, limitations, conditions and definitions speak for themselves and are incorporated herein by reference.
>
> FIFTH AFFIRMATIVE DEFENSE
> The claims asserted by High 5 Sportswear for trademark infringement, false designations of origin and cybersquatting and deceptive trade practices do not constitute "personal and

advertising injury," as defined under the Commercial Insurance Policy issued by Selective.

SIXTH AFFIRMATIVE DEFENSE
Even if the claims asserted by High 5 Sportswear qualified as "personal and advertising injury," which is denied, the claims are nevertheless excluded from coverage pursuant to the "Infringement Of Copyright, Patent, Trademark Or Trade Secret" exclusion in the Commercial Insurance Policy issued by Selective.

SEVENTH AFFIRMATIVE DEFENSE
The claims asserted by High 5 Sportswear for cybersquatting are also excluded from coverage pursuant to the "Unauthorized Use Of Another's Name Or Product" exclusion in the Commercial Insurance Policy issued by Selective.

EIGHT AFFIRMATIVE DEFENSE
To the extent that the Complaint filed by High 5 Sportswear alleges that High 5 Gear knowingly and intentionally engaged in trademark infringement and cybersquatting, coverage is excluded pursuant to the "Knowing Violation Of Rights of Another" exclusion in the Commercial Insurance Policy Issued by Selective.

NINTH AFFIRMATIVE DEFENSE
The claims asserted by High 5 Sportswear in the Complaint do not allege damages resulting from High 5 Gear's "advertisements," as that term is defined in the Commercial Insurance Policy issued by Selective.

TENTH AFFIRMATIVE DEFENSE
To the extent that the claims asserted by High 5 Sportswear in the Complaint qualify as "personal and advertising injury" under the Commercial Insurance Policy, which is denied, the offenses took place prior to the inception date of the Commercial Insurance Policy, which precludes coverage for any such claims.

ELEVENTH AFFIRMATIVE DEFENSE
Selective did not breach any of the terms and conditions of the Commercial Insurance Policy in disputing that it owes coverage to High 5 Gear for the claims asserted by High 5 Sportswear.

TWELFTH AFFIRMATIVE DEFENSE
H[5]G LLC is not the named insured in the Commercial Insurance Policy and thus is not entitled to coverage.

### THIRTEENTH AFFIRMATIVE DEFENSE
Selective did not breach the implied covenant of good faith and fair dealing and did not engage in any bad faith conduct in disputing that it owes coverage to High 5 Gear for the claims asserted by High 5 Sportswear in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE
While maintaining its position that its disclaimer of coverage to High 5 Gear was proper and legally sustainable, Selective denies that it committed bad faith as there was "reasonable justification" for disputing coverage.

### FIFTEENTH AFFIRMATIVE DEFENSE
The claims are barred by breach of contract.

### SIXTEENTH AFFIRMATIVE DEFENSE
If Defendant/Third-Party Plaintiff suffered any damages, said damages are the direct and proximate result of their own conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE
Damages are capped per R.C. 2315.18 and R.C. 2315.21.

### EIGHTEENTH AFFIRMATIVE DEFENSE
The third-party claims are barred by a failure to mitigate damages.

### TWENTIETH AFFIRMATIVE DEFENSE
The First Amended Third-Party Complaint does not describe the allegations and claims against Selective with sufficient particularity so as to allow Selective to identify and assert all potentially applicable defenses. Selective therefore reserves its right to assert any and all applicable legal defenses and coverage defenses based on the terms, conditions and exclusions set forth in the Commercial Insurance Policy issued by Selective.

(Doc. 26 at 3-6, Doc. 22 at 8-11.)

H5G argues that these affirmative defenses should be stricken because Selective Insurance fails to allege supporting facts sufficient to make them "plausible on their face." (Doc. 26 at 3).

## II.     ANALYSIS

Under Fed. R. Civ. Proc. 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The Sixth Circuit advises courts to use its power to strike sparingly and "only when required for the purposes of justice" and "the pleading to be stricken has no possible relation to the controversy."  *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953); *see also Morrow v. South*, 540 F. Supp. 1104, 1111 (S.D. Ohio 1982) ("Motions under Rule 12(f) are not favored, and should not be granted unless it is apparent that the matter has no possible relation to the controversy.").

H5G argues that Selective Insurance's affirmative defenses are insufficient under pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  The Sixth Circuit has never held, however, that *Iqbal* and *Twombly* apply to affirmative defenses. *See Shreve v. Franklin County, Ohio,* Nos. 2:10-cv-644, *et al.,* 2012 WL 1580936, at *1 (S.D. Ohio May 4, 2012).  District courts in the Sixth Circuit and judges in this District have reached different resolutions of the issue.  At least three judges have issued decisions finding that the *Twombly-Iqbal* pleading standard applies to affirmative defenses. *Edizer v. Muskingum Univ.*, No. 2:11-cv-799, 2012 WL 4499030, at *11 (S.D. Ohio Sept. 28, 2012) (Marbley, J.); *Nixson v. Health Alliance*, No. 1:10-cv-00338, 2010 WL 5230867, at *1-2 (S.D. Ohio Dec. 16, 2010) (Spiegel, J.); *HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp.2d 687, 691 (N.D. Ohio 2010) (Zouhary, J.).  Other judges, however, have declined to apply the *Twombly-Iqbal* pleading standard to defenses. *See Sprint Solutions, Inc. v. Shoukry*, No. 2:14-cv-00127, 2014 WL 5469877, at *2 (S.D. Ohio Oct. 28, 2014) (Sargus, J.); *Joe Hand Promotions, Inc. v. Havens*, No. 2:13-cv-0093, 2013 WL 3876176, at *2 (S.D. Ohio Jul. 26,

2013) (King, M.J.); *Malibu Media*, No. 13-11432, 2014 WL 2616902, at *2 (Drain, J.); *Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc*., No. 3:09-cv-01098, 2011 WL 4729807, at *4 (M.D. Tenn. Oct. 7, 2011) (Nixon, J.); *McLemore v. Regions Bank*, No. 3:08-CV-0021, 2010 WL 1010092, at *13 (M.D. Tenn. Mar. 18, 2010) (Cook, J.).

*Iqbal* and *Twombly* held that "a complaint must contain sufficient factual matter…to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 570). The Supreme Court in *Iqbal* and *Twombly* articulated two primary purposes behind a heightened plausibility pleading standard: (1) without factual allegations in the complaint, the claimant cannot satisfy the requirement of providing "fair notice" of the nature of the claim and the ground on which it rests, *Twombly*, 550 U.S. at 556, fn. 3; and (2) without factual allegations, it is more likely that the plaintiff will waste defendant's time and resources in discovery pursuing groundless claims. *Twombly*, 550 U.S. at 557-58.

The Court declines to apply the *Twombly*/*Iqbal* standard to affirmative defenses. The Court agrees with the District Judge in *McLemore v. Regions Bank* that:

> . . . *Twombly* and *Iqbal* did not change the pleading standard for affirmative defenses. On its face, *Twombly* applies only to complaints and to Rule 8(a)(2), because the Court was interpreting that subsection's requirement of "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)). The opinion does not mention affirmative defenses or any other subsection of Rule 8. *Iqbal* also focused exclusively on the pleading burden that applies to plaintiffs' complaints. *See* 129 S. Ct. at 1949-54.

2010 WL 1010092, at *13. Instead, this Court, as did the *McLemore* court, will adhere to Sixth Circuit precedent holding that "an affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Lawrence v. Chabot*, 182 F.App'x 442, 456 (6th Cir. 2006) (quoting 5 Charles Alan Wright &

Arthur R. Miller, Federal Practice and Procedure § 1274); *see also Montgomery v. Wyeth*, 580 F.3d 455, 467 (6th Cir. 2009).

Upon review, the Court finds that Selective Insurance's challenged affirmative defenses contain sufficient information to provide H5G fair notice of their nature and legal bases. *See Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc.*, No. 3:09-CV-01098, 2011 WL 4729807, at *5 (M.D. Tenn. Oct. 7, 2011). They do not contain detailed factual allegations, but the Court has declined to apply the rigors of the *Iqbal/Twombly* pleading standard to them. The fourth, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh affirmative defenses, for example, all concern Selective Insurance's policy defenses. Although Selective Insurance does not identify the facts that support these defenses, it has provided fair notice of the various provisions of the policy and defined terms upon which it intends to base these defenses. The Court deems Selective Insurance's affirmative defenses adequate for pleading purposes. The Motion to Strike is **DENIED**.

### III. CONCLUSION

Defendant/Third-Party Plaintiff H5G's Motion to Strike (Doc. 26) is **DENIED.**

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, August 3, 2016.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
